Good morning. May it please the court. My name is Richard Miyamoto. I'm the attorney for the petitioner, Hector Gutierrez. Your honors, in my brief, I identified a couple of different issues. However, based on intervening case law, and the government attorney cited this new case law in their letter of supplemental authorities filed recently with the court, there only remains one issue in front of this court, and that is whether or not the immigration judge erred in not granting the petitioner a continuance in this case. The continuance was for the purpose of determining the status of his petition? Yes, your honor. And what's happened with that since? He got his petition approved. However, the goal was to get the original approval date from 1993, but he was not able to do that. I'm sorry, say that again. Okay, the goal was to get the original, the old priority date of 1993 on the new petition. The petitioner filed a new immigrant petition. He wanted to get the original priority date of 1993. That would enable him to apply for adjustment of status. However, he was not able to get that original priority date. So the continuance didn't really have any prejudicial effect? No, at the time it did. At the time it might have, but it actually didn't. That's correct, your honor. And is there any, he had the, however it worked, the I-30, 130, whatever the number, that's been approved, but he's not high enough on the list to get the pieces of it. Yes, in the end effect that's correct. And I gather that there are years ahead? Right, well, he had a priority date of 2010. What that means is that he did not meet, he's not what they call 245I protected. In order to be 245I protected, you need to have a priority date prior to April 30, 2001. Because his priority date is past that date, he's subject to something called the permanent bar, which, the bottom line is that I would not advise my client to pursue this option because he runs the risk of not being able to get back into this country based on his record. Is he out of the country now? No, he's not. So, I don't see much to do about your client. He, as it turned out, the continuance did not prejudice him. That's correct, your honor. Okay. And I was hoping to make other arguments based on the BIA's decision from 2010, but due to this intervening case law, I'm basically foreclosed from making those arguments. So, this is your honor. Thank you, counsel. I wouldn't spend too much time unless there was something to contribute that might help lead to a different result. Good morning, your honor. Jocelyn Aran on behalf of Respondent, the United States Attorney General. As I wrote in the 28-J letter, I believe the only issue remaining before the court is the December 2013 decision by the Board of Immigration Appeals denying the continuance, which is now moved. And as your honor has noted, there's been no prejudice to petitioner from the denial of the continuance. So, unless the court has any further questions, we would rest on the arguments in the 28-J letter where we withdrew the December 2010 review and just argue that the petition should be denied as moot with respect to the 2013 decision. Thank you, counsel. Thank you. All right. The court will take a five to ten minute recess before the next case. All rise.
judges: Reinhardt, Nguyen, Marbley